## Case No. 4,963.

### In re FOSTER.

[6 Ben. 268;[1] 10 N. B. R. 523.]

District Court, E. D. New York. Nov., 1872.[2]

Jesse Johnson, for petitioner.
Wm. W. Bliss, for assignee.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 4,981.]

BENEDICT, District Judge. I do not at present see how any proceeding, no matter when taken, can entitle a mortgagee to collect the rents of mortgaged property, which had passed into the possession of an assignee in bankruptcy before the rents became due. An application by a mortgagee for the appointment of a receiver to collect, for his benefit, rents of the mortgaged premises accruing during the pendency of a foreclosure suit is not based upon any absolute right.

It is, in legal effect, a proceeding to acquire immediate possession of the mortgaged premises, and it may be defeated by the intervention of superior equities, or by the collection of the rents by the mortgagor. It is addressed to the discretion of the court; when granted, the rents secured thereby arise from the possession of the property at the time the rent became due, such possession being acquired by means of a receiver.

But if some proceeding, intended to divert the rents from the hands of the assignee, could avail when taken in time, it seems clear that there remains no ground on which to base a claim like the present, where a second mortgagee petitions to be paid rents which, before the filing of his petition, had been collected by the assignee in bankruptcy, as owner in possession of the mortgaged property at the time they became due. Moneys so collected by an assignee in bankruptcy are assigned by the law to be distributed equally among all the creditors, unless shown to be subject to some prior specific lien.

It has been claimed that the petitioner has a specific lien upon these rents by the terms of the mortgage, which contains, as part of the description, the words "together with all, and singular, the tenements, hereditaments and appurtenances thereto belonging, and the reversion, remainder, rents, issues and profits thereof."

This is the usual form of a mortgage; these words are intended simply to give a full description of the property; they do not entitle the mortgagee to collect the rents, nor do they create a lien upon rents accruing and collected before the possession of the property passes away under foreclosure proceedings.

The petitioner also prays that the assignee be directed to pay him the amount of certain taxes upon the mortgaged property, paid in course of the foreclosure proceedings taken by a prior mortgagee, whereby the surplus was by so much diminished to the detriment of the second mortgage held by the petitioner.

But I see no principle by which the rents in the hands of the assignee can be held to be charged with the taxes so paid.

The prayer of the petition must therefore be denied.