ISAAC G. LOEBER, Assignee,

*v.*

GEORGE LEININGER, Collector.

*Opinion filed October 24, 1898.*

1. TAXES—*personal tax is a lien on personal property of person assessed.* Under section 254 of the Revenue act, (Rev. Stat. 1874, p. 899,) taxes assessed upon personal property constitute a lien upon the personal property of the party assessed from and after the tax books and warrants are received by the collector.

2. SAME—*words "personal property" and "goods and chattels" have the same meaning.* The words "personal property," used in section 254

of the Revenue act, and the words "goods and chattels," used in section 137, have the same meaning, and include all species of personalty which may be subject to levy and sale under execution.

3. SAME—*making assignment for creditors does not defeat personal tax lien.* The lien of a personal property tax is in the nature of that of an execution, and, if existing at the time of the tax debtor's assignment for creditors, may be enforced against all personal assets in the assignee's hands which are subject to levy under an execution, or, if disposed of, against the funds realized in his hands.

4. SAME—*lien of personal tax not confined to property owned at time of assessment.* The lien of a personal property tax, while extending only to personal property subject to levy and sale under an ordinary execution, is not confined to property owned at the time of the assessment, but extends to that afterwards acquired.

5. SAME—*a tax is not a debt, in the ordinary sense of that term.* A tax is not a debt, in the ordinary sense of that term, but is an exaction or forced contribution from property, demanded by the taxing power to enable the government to discharge its functions.

6. SAME—*collector has no power to collect tax by taking judgment.* The collector's power to collect a personal property tax is to demand and receive payment or enforce the lien of his warrant, and he cannot bring an action against the tax debtor, that power being lodged, by section 230 of the Revenue act, in the county board.

7. VOLUNTARY ASSIGNMENTS—*when personal tax cannot be allowed as a claim against assignee for creditors.* The collector has no right to a judgment against an assignee for the insolvent's personal tax, or to an order requiring the assignee to pay the same as a claim against the estate, in the absence of evidence that the assignee has personal property subject to levy and sale under execution, upon which, or upon the proceeds arising from the sale thereof, the tax warrant was a lien at the time of the assignment.

APPEAL from the County Court of Cook county; the Hon. JOHN H. BATTEN, Judge, presiding.

The John York Company, a corporation, on its voluntary petition was adjudged an insolvent debtor under the statute, and Isaac G. Loeber was appointed its assignee on the 21st day of February, 1898. On the 19th day of March, 1898, George Leininger, the appellee, collector of taxes in and for the town of West Chicago, filed a petition in the county court of Cook county, wherein the matter of the assignment of the said corporation was pending, alleging that on the 10th day of December, 1897,

he received his collector's book, accompanied by a tax warrant authorizing the collection of the taxes in and for the said town for the year 1897; that it appeared from said books that the personal property of the insolvent corporation was erroneously assessed in the name of John York for the year 1897, in the sum of $6000, and that taxes were lawfully extended upon said books against the said property of said corporation (erroneously in the name of the said John York, as aforesaid,) in a total sum of $736.59; that the same were unpaid and were a lien on all the property of the said corporation at the time of the assignment, and praying that an order be entered by the said court allowing a claim against said assignee and in favor of said petitioner, as collector, for the amount of the said taxes as a senior lien, and for an order requiring the assignee to make payment of the said sum as a preferred claim. The assignee denied that the petitioner was entitled to the relief claimed, and demanded that strict proof be required and that the prayer of the petition be denied. The cause was heard and an order entered finding the allegations of the collector's petition to be true, and directing that the amount of his claim be allowed and paid as a preferred claim. This is an appeal prosecuted by the said assignee and by the John V. Farwell Company, as a creditor of the insolvent corporation, to reverse the order and decree of the county court.

KERR & BARR, and TENNEY, McCONNELL, COFFEEN & HARDING, for appellant.

WILL F. A. BERNAMER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The taxes assessed upon personal property constitute a lien upon the personal property of the person assessed from and after the time the tax books and warrant are received by the collector. (Rev. Stat. sec. 254, chap. 120, entitled "Revenue.") The section cited must be construed

in connection with section 137 of the same chapter, which invests the collector with authority to levy the warrant by distress and sale of the "goods and chattels" of the tax debtor in order to secure payment of personal property tax. The words "personal property," employed in section 254, and the words "goods and chattels," in section 137, are to be construed as having the same meaning and as comprehending every species of personalty which may, under the statute, be made the subject of levy and sale under an execution issued upon a judgment at law. The lien is in the nature of that of an execution on a judgment at law, and if existing at the time a tax debtor becomes an insolvent debtor by assignment, may be enforced against all the property of such insolvent debtor in the hands of an assignee to which it attached, or if such assignee has disposed of property against which the lien attached, we perceive no reason why the court should not direct the assignee to pay to the lienholder, the collector, the amount realized by the disposition of such property. The lien, however, extends only to personal property of the tax debtor of the character subject to be levied on and sold under an ordinary execution, but does extend to all personal property of that character, though such property be not the same property possessed at the time of the assessment. *Hill* v. *Figley*, 23 Ill. 364; *Binkert* v. *Wabash Railway Co.* 98 id. 205.

But the judgment must be reversed for the reason the allegations of the petition were not supported by the proofs. The collector's book was introduced in evidence. The only assessment against the said insolvent corporation there appearing is on line 28, page 18, of said book, from which it appeared that personal property belonging to said insolvent corporation of the value of $100 was assessed for taxation, and that the total tax thereon was $12.31, and that the same had been paid by John York. The address of the said company is given on said line as number "43 S. Center avenue." On the next line on the

same page, to-wit, line 29, appears an assessment of property of the assessed value of $6000, upon which taxes to the amount of $736.59 were extended and unpaid, but this assessment appeared, as set forth in the book, to have been made upon the property of one John York. The address of the said John York is given in said line as follows: "773 to 781 S. Halsted street."

The contention of the collector was that an error was made in entering said assessments on the collector's book, whereby the property of John York was made to appear to have been assessed to the John York Company and the property of the said company assessed to said John York. The only proof relied upon to support that contention was the testimony of one Luke Wheeler, who was acting as a deputy collector under the appellee collector. This witness identified the collector's book and warrant, and read from the book what appeared on the said two lines on said page 18. The witness testified: "I called on Mr. York at the place of business, 773 South Halsted street, before the assignment was made, but did not get the money," and being asked, "Are you acquainted with the relative location of the two places with reference to which you have read from the tax collector's warrant, and if so, how far are they apart?" replied, "I am so acquainted, and they are about two and a half miles apart." No other testimony was produced.

It is argued it was established by this testimony that the name of the John York Company was erroneously inserted on said line 28, and that the property shown to have been assessed in that line was not the property of the John York Company, and that the name of the John York Company should have been written in on line 29 instead of the name John York which appears on said line. We regard the evidence as wholly insufficient to support this contention. Section 78 of said chapter 120, entitled "Revenue," provides that the assessor of personal property for taxation shall require the property owner

to make a true and correct statement of his taxable property on a form prescribed by the statute for that purpose, and that the form shall be signed and sworn to by the owner of the property, and section 91 of the same chapter requires that such statements or forms so signed by property owners shall be delivered by the assessor to the county clerk, and that such clerk shall preserve the same in his office for two years thereafter. It is to be presumed these requirements of the statute were observed, and that the form or list of property returned by the John York Company for assessment could readily have been produced. It constituted primary evidence of the fact sought to be established, and unless its absence was properly accounted for, should have been deemed the only competent evidence upon that issue. But aside from this, the mere fact that the localities named upon the two lines of the collector's book in question were two and a half miles apart had no tendency to show that one given as the address of the corporation was in fact that of the said John York, or that the assessment of the property of the corporation had been extended upon the line upon which the name of John York appeared.

The judgment is erroneous in another respect. It establishes the demand as a preferred claim against all of the assets of the insolvent corporation in the hands of the assignee. It incidentally appeared the assignee had funds of the insolvent corporation in his possession, but it did not appear that said assignee had any property in his hands of the character that would have been subject to the lien of the warrant, or that he had funds in his hands received from the disposition of property which was subject to the lien of the warrant. If the insolvent corporation, at the date of the assignment, had no property which the collector could have legally seized by virtue of his warrant, the claim of the collector would not only have no preference over the claims of creditors, but could not be legally enforced as a claim of any class

or rank. A tax is not a debt, in the ordinary sense of that term. It is an exaction or forced contribution from property demanded by the taxing power or sovereignty for the purpose of enabling the government to execute and discharge its functions. It is to be collected in Illinois, not by the ordinary actions at law, but by remedies specifically provided by the statute. The power of the appellee collector, under the statute, is to demand and receive payment or enforce the lien of his warrant. If payment is not voluntarily made to him, and there is no property upon which the lien of the warrant attaches, we know of no authority resting in the town collector to institute an action in any court to recover the amount of the taxes. No such power is given by any section of the statute, but, on the contrary, other modes of procedure are provided. Section 230 of chapter 120, entitled "Revenue," (Hurd's Stat. 1889, p. 1147,) provides: "The county board may also, at any time, institute suit in an action of debt in the name of the People of the State of Illinois, in any court of competent jurisdiction, against any person, firm or corporation, for the recovery of any personal property tax due," etc. The power to institute an action to recover any personal property tax therefore rests in the county board, who are required to proceed in the name of the People. Therefore, unless a lien against property which came to the assignee existed by virtue of the warrant held by the appellee collector, that officer had no legal right to a judgment for said taxes against the assignee, or to an order requiring the assignee to pay him the amount of the taxes.

The judgment or order of the county court must be and is reversed and the cause remanded.

*Reversed and remanded.*