recent statutes, a debt between husband and wife, being void at law, creates no equitable liability." Lowell, Bankr. p. 140.

The judgment of the referee, following In re Blandin, is reversed, and the claim of the wife is denied proof.

---

In re DOLE.

(District Court, D. Vermont. October 3, 1901.)

1. BANKRUPTCY—ESTATE—RENTS OF MORTGAGED PROPERTY.

An agreement by a mortgagor to collect the rents from the mortgaged property, which was in his possession, and to pay the same to the mortgagee on the mortgage debt, does not make him the agent of the mortgagee to collect such rents, nor give the mortgagee title to such as are uncollected or have not been paid over at the time the mortgagor is adjudged a bankrupt.

2. SAME—RENTS ACCRUING AFTER ADJUDICATION.

Rents accruing after adjudication for mortgaged property of the bankrupt which comes into possession of the trustee, and before the mortgagee has taken such action as to entitle him to possession of the property, belong to the estate.

In Bankruptcy.

May & Simonds, for petitioner.

Trustee, pro se.

WHEELER, District Judge. This is a review of a decision of the referee denying a petition of the Caledonia National Bank for the payment of rents accrued and accruing on the bankrupt's real estate to the petitioner as mortgagee. As to the rents accrued before adjudication, the cashier of the bank appears to have notified the bankrupt that he must collect the rents and pay the same on the mortgage, which the bankrupt agreed to do, and upon this the bank relied and was controlled. There does not appear to have been any notice to the tenants, or other possession taken by the mortgagee, and without such the rents would belong to the mortgagor. His agreement to collect them was merely an agreement to collect what was his own, and the agreement to pay over was no more than an agreement to pay his own debt, and neither or both would have any effect upon the title to the rents accrued or accruing. Something more was necessary in order to make the rents become the property of the bank. It was the same as if he had agreed to sell any other property of his own and pay the proceeds upon his debt, which, if done, would pay so much, but, if not done, would not at all affect the title to the property. What was agreed to be done was within his own right, and did not make him an agent of the bank about doing what would be for himself. The agreement upon performance would have been effectual, but unperformed left the rents as they were before. Upon the bankruptcy proceedings, the rents went with the other property to the trustee. After the adjudication the rents continued to accrue to the trustee, and would so continue until something should be done that would change the accruing to the mortgagee. Nothing appears to have been done in that direction but to give notice to the tenants

to pay to the mortgagee. The property and its revenues were after that in the custody of the trustee as an officer of the court, which could not be affected adversely but by application to the court, and no such application was made. The trustee had nothing to do but to collect the rents as a part of the estate in bankruptcy. He would not be warranted in giving them up, otherwise than with the property itself.

Decision of referee affirmed, without prejudice.

## In re LENGERT WAGON CO.

### (District Court, S. D. New York. October 9, 1901.)

1. BANKRUPTCY—JURISDICTION OF BANKRUPTCY COURT—INSOLVENCY PROCEEDINGS IN STATE COURT.

Bankruptcy proceedings properly instituted vest the court of bankruptcy with exclusive jurisdiction to administer the estate of the bankrupt, and oust the jurisdiction of a state court which has appointed a receiver in insolvency proceedings, and a receiver appointed by the court of bankruptcy is entitled to possession of the property.

2. SAME—PROPERTY IN POSSESSION OF STATE RECEIVER.

Under the rule of comity between federal and state courts, a receiver appointed by a court of bankruptcy will be required to apply to a state court for an order requiring its own receiver to turn over property of the bankrupt of which it has obtained possession in insolvency proceedings.

In Bankruptcy. On motion to compel a receiver appointed in proceedings in a state court to turn over property of a bankrupt corporation.

Edwin C. Dusenbury, for receiver in bankruptcy.

George W. Carr, for receiver in state court.

ADAMS, District Judge. Certain judgments were entered against the Lengert Wagon Company in the supreme court of the state of New York, and thereunder, on the 20th of September, 1901, property of the corporation was levied upon by the sheriff of New York county under executions issued upon the judgments. Thereafter proceedings were instituted in the state court by the directors of the corporation for a voluntary dissolution thereof on the ground of the insolvency of the corporation, and a temporary receiver of the property and effects of the corporation was appointed by an order of the court dated the 23d of September, 1901. The receiver under this order did not obtain possession of the property from the sheriff, but it is contended that his title related back to the date of his appointment, and he was entitled to the actual possession. In re Christian Jensen Co., 128 N. Y. 550, 553, 28 N. E. 665; In re Schuyler's Steam Towboat Co., 136 N. Y. 169, 32 N. E. 623, 20 L. R. A. 391; Moran v. Sturges, 154 U. S. 256, 283, 14 Sup. Ct. 1019, 38 L. Ed. 981. On the 25th of September, 1901, involuntary proceedings against the corporation were commenced in this court. On the 27th of September, 1901, a receiver of the property of the bankrupt was appointed under section 2 (3) of the bankruptcy act, and an attempt made by him to