In re CHASE.

(District Court, D. Massachusetts. November 21, 1904.)

No. 2,719.

1. BANKRUPTCY—STATE COURTS—ACTION BY TRUSTEE—ACCOUNTING—MONEY PAID—RECOVERY.

An occupant of mortgaged real estate alleged to belong to a bankrupt cannot recover from the bankrupt's trustee a sum of money which she paid under a final decree in a suit against her in the state court for an accounting of rents and profits.

2. SAME—SET-OFF.

Where the wife of a bankrupt was in possession of certain real estate which the bankrupt had conveyed subject to certain mortgages, one of which was to his son for the benefit of his wife, and in a proceeding by the bankrupt's trustee in the state court such mortgage was held valid, she was entitled to credit for interest paid on such mortgage under the terms of a lease executed to her by her husband's grantee, whether she be deemed the equitable owner of the mortgage to the son or in possession as a fraudulent vendee.

In Bankruptcy.

Harry J. Jaquith, for petitioners Chase and others.
Richard D. Ware, for trustee.

LOWELL, District Judge. The bankrupt owned a house on Chestnut street, Boston, upon which were three valid mortgages for $25,000. The first and second are not here in question. The third—of $10,000—was held by his son Charles for the benefit of the bankrupt's wife. The property was worth considerably less than $25,000. Before bankruptcy the bankrupt conveyed his equity to one White, who gave to Mrs. Chase a lease at will of the premises, with the agreement that she should pay taxes and interest on the mortgages. The bankrupt's conveyance was made without consideration, to escape attachment, and in fraud of creditors. After bankruptcy, the trustee brought a bill in equity in the state court against White for a reconveyance, and against White and Mrs. Chase for an accounting of rents and profits; also against Charles Chase to set aside the third mortgage, and against other persons for

other purposes. As to Charles Chase, the bill was dismissed, with costs, and the court thus determined that the third mortgage was valid. As against White, there was an interlocutory decree for reconveyance; and as against White and Mrs. Chase a decree for rent, estimated at $1,500 a year, but subject to the amount actually paid by Mrs. Chase for taxes, interest, and necessary repairs. The account covered the period between the adjudication in bankruptcy and February 12, 1902, the date of the interlocutory decree. The master found $869.29 due the trustee in bankruptcy, and his report was confirmed on appeal to the Supreme Court. The sum thus decreed was duly paid by the respondents. Thereafter Mrs. Chase brought a petition for an accounting in the court of bankruptcy, and Charles Chase filed a petition, as holder of the third mortgage, to establish a lien upon the rents and profits accrued since bankruptcy, and in the hands of the trustee. The referee found upon an accounting that Mrs. Chase owed the trustee $606.59, and dismissed the petition of Charles Chase. Mrs. Chase and Charles Chase have appealed to me.

Mrs. Chase cannot recover back from the trustee any sum which she has paid under the decree of the state court. The litigation there ended in a final decree, which cannot be reopened here. In the new accounting for the period after February 12, 1902, it seems that Mrs. Chase should receive allowance for $1,600, four years' interest on the third mortgage from 1897 to 1902, the sum having been paid by her to Charles Chase on March 4, 1902. This mortgage was a valid charge on the property, and Mrs. Chase's payment has exonerated the estate in the hands of the trustee. The sum she thus paid came back to her from her trustee, but this fact seems to me immaterial. If Mrs. Chase and her trustee are deemed in equity the same person, then equity must recognize that Mrs. Chase's rights as mortgagee are superior to those of the trustee in bankruptcy, and that, if he wishes to take the property, he must redeem it from her claim. If, on the other hand, he may treat her as a fraudulent vendee in possession, without regard to her rights under the mortgage, then her payment to the mortgagee must be treated as payment to a stranger, and so she becomes entitled to allowance therefor. The item was excluded from consideration in the suit in the state court, apparently because the payment was made after February 12th, the date selected for the end of the accounting in that suit. Trustee's counsel contended that no allowance of any sort should be made to Mrs. Chase, because her possession of the estate was that of a fraudulent vendee. See Holland v. Cruft, 20 Pick. 321; Davis v. Leopold, 87 N. Y. 620. But these proceedings are in their nature equitable, and not all so-called frauds are treated alike by a court of equity. The state court held that the bankrupt's conveyance to White was so fraudulent as to be voidable by the trustee, and this court is not disposed to disagree, even if the matter be not res judicata; but in dealing with Mrs. Chase we must bear in mind that her trustee might have foreclosed before bankruptcy, and thus have brought about an honest and lawful occupation by Mrs. Chase, and an effectual and lawful deprivation of her husband's creditors, instead of the fraudulent occupation and deprivation which actually took place. The creditors seem

to have lost nothing of real value which rightfully belonged to them, or of which they might not have been equitably deprived by proceedings of another sort. Acting on these considerations, the state court allowed Mrs. Chase to offset against her liability for rent the amount she actually paid for taxes, interest, and repairs, and this court adopts the same method of accounting. If all technical considerations are disregarded in order to do equity, Mrs. Chase is thus, in effect, given the use of property which, in effect, really belonged to her. In this respect the referee's judgment is reversed, and there must be an order declaring that there is nothing due either to or by Mrs. Chase.

In his petition Charles Chase seeks to recover the sum of $869.29, received by the trustee in bankruptcy under the decree of the state court as rents and profits accrued before February 12, 1902, the date selected for the end of the accounting in that suit. He urges that there was no real equity of redemption in the trustee, as the three mortgages amounted to a sum much larger than the value of the property. He urges, further, that at the instance of the trustee he was prevented by the state court from enforcing his rights as mortgagee, and therefore should be allowed by this court the net rents and profits accruing during the time he was thus hindered. Ordinarily the mortgagor is entitled to rents and profits accrued up to the time that the mortgagee enters, or brings his right of entry or his bill to foreclose, and this right inheres in a trustee in bankruptcy. In re Dole (D. C.) 110 Fed. 926; In re Bennett, Fed. Cas. No. 1,313; Elmore v. Symonds, 183 Mass. 321, 67 N. E. 314. There may be exceptional cases where a court of bankruptcy, proceeding upon equitable considerations, will treat some informal attempt by the mortgagee to obtain possession of the mortgaged property as the equivalent of a bill in equity and the appointment of a receiver; but here the mortgagee took no action whatever for a year after the date of bankruptcy, and when he assented to an agreement not to foreclose, so as to avoid the issuance of the injunction against him, he took no steps to preserve his rights to the accruing rents and profits pending the injunction. The best answer to his contention, however, is found in the fact that he has already been paid by the mortgagor the interest on his mortgage which he seeks to recover from the trustee in bankruptcy. It is true that this payment of interest was made by a person holding the double relation of mortgagor and cestui que trust under the mortgage, and that there is a certain hardship in requiring this person to pay rent for the use of the premises as tenant at will to one whose equity of redemption turned out to be valueless; but, upon the whole, though with some doubt, I do not think that this injustice can be righted by a court of equity under the rules of equity which govern the court of bankruptcy. The petition of Charles M. Chase to recover from the trustee in bankruptcy is therefore dismissed, and the order hitherto entered in the case is modified accordingly.