SHARP BROS., INC., RESPONDENT, *v.* BARTLETT, APPELLANT.

(No. 5,931.)

(Submitted May 29, 1926.    Decided June 14, 1926.)

[248 Pac. 199.]

*Claim and Delivery—Mortgaged Crops—Landlord and Tenant —Share of Crops Payable as Rent—Possession of Crops in Tenant Until Division—Possession of Chattels in Third Person —When Defense Not Avoidable—Real Estate Mortgages—Default—Right of Possession in Mortgagor—Appeal—Theory of Case.*

Real Property—Mortgages—Right of Possession on Default in Mortgagee—When not Existent.

1.   In the absence of an express agreement between the parties to a mortgage upon land that upon default on the part of the mortgagor the mortgagee shall have the right to enter and take possession, such right does not exist.

Claim and Delivery—Mortgaged Crops—Right of Possession of Chattels in Third Person—When Defense not Available.

2.   The rule that defendant in a claim and delivery action can defeat plaintiff's right of recovery by showing that the right to possession of the property is in a third party has no application unless the third party's right of possession is absolute, and the mere fact that the property is mortgaged to another does not of itself defeat plaintiff's right of action.

Same—Landlord and Tenant—Share of Crops as Rent—Right of Possession of Crop in Tenant Until Divided by Him—Division—Evidence—Sufficiency.

3.   In an action in claim and delivery against a tenant of farm lands by the assignee of the landlord's share of the crops raised by the tenant who rented on a crop-sharing basis, the contention of defendant that plaintiff had failed to prove that at the time of the commencement of the action it was either the owner of the grain or entitled to its possession by failing to show that the share of the landlord had been separated from the balance of the crop and that therefore the right of possession of the entire crop was in him, *held* not borne out by the record.

Appeal—Theory of Case.

4.   Where a party has adopted a theory for the trial of his case he may not change that theory on appeal.

---

[1]   Mortgages, 27 Cyc., p. 1236, n. 62.
[2]   Replevin, 34 Cyc., p. 1415, n. 75; p. 1416, n. 79.
[3]   Appeal and Error, 4 C. J., sec. 2609, p. 701, n. 49.   Landlord and Tenant, 36 C. J., sec. 1964, p. 716, n. 57.
[4]   Appeal and Error, 3 C. J., sec. 618, p. 718, n. 49.

1.   See 19 R. C. L. 317.
2.   See 23 R. C. L. 922.
4.   See 2 R. C. L. 183.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

ACTION in claim and delivery by Sharp Brothers, Inc., against Oscar Bartlett. Judgment for plaintiff, and defendant appeals. Affirmed.

*Messrs. Freeman, Thelen & Frary,* for Appellant, submitted a brief.; *Mr. G. S. Frary* argued the cause orally.

*Messrs. Miller & Wiley,* for Respondent, submitted a brief; *Mr. C. W. Wiley* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an action in claim and delivery. The facts out of which the controversy arose are as follows:

Fred Olson owned a tract of land in Chouteau county. On May 5, 1919, he executed and delivered to Phoenix Mutual Life Insurance Company his note for $2,500, bearing six per cent interest payable annually, due December 1, 1923, and to secure its payment gave to the company a mortgage upon his land, which contained the following provision: "It is agreed that if the mortgagor * * * shall fail to pay the principal or interest as the same become due· or any taxes, * * * or otherwise fail to comply with any or all of the conditions of this mortgage, then all of said debt secured hereby shall become due and collectible, * * * and this mortgage may be foreclosed for the full amount, * * * and all rents and profits of said property shall then immediately accrue to the benefit of the said mortgagee, and that a receiver may be appointed to collect the rents, issues and profits pending the foreclosure suit and until the time for redemption expires." Olson did not pay the taxes on this land for the years 1921, 1922, or 1923, or the interest which became due upon the note on December 1, 1922.

About January 18, 1924, the life insurance company commenced an action to foreclose said mortgage but did not make

the defendant herein, Bartlett, a party thereto. Such proceedings were had in that action that on December 20, 1924, a decree of foreclosure and sale was entered therein.

On November 25, 1922, Olson, by an instrument in writing, leased the land to the defendant Bartlett for the crop seasons of 1923, 1924 and 1925, which lease was to terminate on November 1, 1925. As the rental thereof Bartlett agreed to deliver to Olson one-fourth of the crops produced. Bartlett cropped the land for the season of 1924, and one-fourth of the crop produced thereon for that year was 242 bushels and 30 pounds of wheat. Olson, being indebted to the plaintiff and T. C. Power & Bro., on September 8, 1924, assigned to them all his share of the crop produced by Bartlett and Power & Bro. subsequently assigned their interest therein to the plaintiff.

On April 28, 1924, James B. Moore, of Hartford, Connecticut, acting in behalf of the mortgagee, assumed to execute and deliver to the defendant Bartlett a lease covering the Olson lands for a period extending from May 1, 1924, to February 28, 1926, and as rental therefor Bartlett agreed to give Moore one-fourth of the crops produced. This lease, among other things, recited: ''This lease is given with the understanding that said first party [Moore], or his principal, is foreclosing a mortgage on the same and only guarantees such possession as he can deliver under and through said mortgage foreclosure,'' etc.

On September 13, 1924, plaintiff, as the assignee of Olson, made demand on the defendant for the possession of the one-fourth of the 1924 crop grown on said land, which demand was refused, and thereupon brought this action to recover the same or its value.

The complaint is in the usual form. The defendant filed an answer which amounts to a general denial, but at the trial sought to defeat the plaintiff's right of recovery by showing that the ownership and right to possession of the wheat in question was in the life insurance company by virtue of the clause of the mortgage above quoted and under the terms of the Moore lease. The action was tried before the court sitting with-

out a jury on June 16, 1925, and resulted in findings and a judgment in favor of the plaintiff, from which the defendant appealed to this court.

By their specifications of error counsel for the defendant make two contentions: (1) It is claimed that at the time of the commencement of the action, and at all times subsequent thereto, the life insurance company was entitled to the possession of the wheat in controversy for the reasons asserted at the trial as above pointed out, and by virtue of certain arrangements entered into between the mortgagor, Olson, and an agent of the company.

The mortgage did not assume to give the mortgagee the right to enter and take possession of the mortgaged premises. In [1] the absence of an express agreement to that effect in the mortgage, the right does not exist. (Sec. 8252, Rev. Codes 1921.) The absence of such agreement distinguishes this mortgage from the one which the court had under consideration in the case of *Union Central Life Insurance Co.* v. *Jensen*, 74 Mont. 70, 237 Pac. 518.

The defendant testified that some time in April, 1924, the agents of the insurance company requested him to turn over the rentals of the land for the year 1924, and afterwards presented him with the Moore lease. This he apparently signed in consummation of whatever arrangements he had made with them. This lease was executed April 28, 1924, about three months after the commencement of the action to foreclose the mortgage. A decree of foreclosure was entered in that proceeding on December 20, 1924, about six months before the trial of this case. The decree in the foreclosure action does not contain any provision relative to the rents and profits of the mortgaged premises and only provides that the mortgagor, Olson, or his assigns, shall surrender their possession thereof to the purchaser upon the production of the sheriff's deed. Inferentially it can be determined from the record that the premises had been sold under the terms of this decree, but the date of the sale and its result are not disclosed. There is nothing to show whether the

proceeds of the sale were sufficient to satisfy the judgment in whole or whether there was a deficiency over.

Considering the fact that Moore, in the lease which he executed in behalf of the company, only assumed to give Bartlett such rights in the mortgaged premises as he (Moore) could deliver through the foreclosure proceedings, and the further fact that the record wholly fails to show that Moore or the insurance company had acquired any right to the possession of the premises by the foreclosure proceedings, it is apparent that the lease from Moore to Bartlett was a nullity so far as the 1924 crop was concerned, and constituted no basis for defendant's claim that the insurance company was at any time entitled to its possession as against the plaintiff.

The rule is settled that the defendant in a claim and delivery [2] action can defeat the plaintiff's right of recovery by showing that the right to the possession of the property is in a third party, but this rule has no application unless the third party's right of possession is absolute; and the mere fact that property is mortgaged to another does not of itself defeat the plaintiff's right of action. (*Conrad Merc. Co.* v. *Siler*, 75 Mont. 36, 241 Pac. 617.)

At the trial W. S. Frary, one of the agents of the insurance company, testified that in the forepart of the year 1924, representing the mortgagee, he had a conversation with the mortgagor, Olson, in which the latter agreed with him that he could have the rents and profits of the land for the year 1924, to apply on the mortgage loan. Olson in his testimony admitted having a conversation with Frary about that time, but denied entering into such an agreement. His statement was that he offered to give a crop mortgage on the crops for the following year, if the company would extend the time for making the delinquent payments. This testimony was in direct conflict, and seemingly the court accepted Olson's version that he had not agreed to turn over to Frary, for the mortgagee, the crop rentals of the land for 1924 to apply on the mortgage, and therefore he had not divested himself of the right of possession in the same.

2. It is claimed that, even though the record fails to show
[3]    that the right to the possession of the wheat was in the in-
surance company, the plaintiff had failed to establish that it
was entitled to a judgment for its recovery, for the reason
that it did not prove that the landlord's share of the 1924
crop had been segregated from the balance of the crop prior to
the institution of the suit, and that until this had been done
the right of possession of the entire crop was in the tenant.

In support of this contention counsel cite and rely upon the
case of *Cook-Reynolds Co.* v. *Wilson,* 67 Mont. 147, 214 Pac.
1104, wherein this court, in pointing out the difference between
a "cropper" and a tenant who pays a part of the products as
rental of the land, said: "If he [the tenant] pays a share of
the crop for rents, it is he who divides the crop and turns over
to the landowner his share, and until such division the right of
property and of possession in the whole is his." However, the
defendant made no such contention in the lower court. The
record shows that the sheriff took the possession of the wheat
at the time this proceeding was instituted. The defendant
himself testified that after the grain was threshed and before
he could turn the crop (rental portion) over to the agents of
the insurance company, the sheriff came out and took it from
his possession in this action. This would indicate that he had
already separated the landlord's share from the balance of the
crop and had it ready for delivery, particularly in view of the
fact that immediately following this statement the defendant
spoke of the "landlord's share of the crop" for 1924 and said
he had not offered to turn it over to the owner, Olson. That
the amount seized by the sheriff was the exact portion due to
the landlord from the defendant is made evident by the fact
that through stipulation of the parties the sheriff sold what he
had seized and retained the proceeds pending the determination
of the suit.

It is therefore clear that the defendant did not in the lower
court claim that he was entitled to the possession of the wheat
except for the purpose of turning it over to the agents of the
[4]    insurance company. It is well settled in this jurisdiction

that when a party has adopted one theory upon the trial of his case, he may not change the theory on appeal. (*O'Hanlon v. Ruby Gulch Min. Co.*, 64 Mont. 318, 209 Pac. 1062.)

Upon a consideration of the whole case, we are of opinion that the judgment of the lower court was correct, and it is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOL-LOWAY, GALEN and MATTHEWS concur.

Rehearing denied July 1, 1926.