[Civ. No. 6755. First Appellate District, Division One.—July 2, 1929.]

PACIFIC FRUIT EXCHANGE (a Corporation), Respondent, v. JOSEPH G. SCHROPFER, Appellant.

James E. Babbitt for Appellant.

G. L. Aynesworth for Respondent.

THE COURT.—The defendant, who was a tenant in possession of certain real property, appeals from a judgment entered against him for the rent which accrued subsequent to the sale of the property under an execution.

The judgment upon which the execution issued was recovered by the plaintiff against F. F. Stober and Anna D. Stober on July 23, 1926, and their interest in the property was purchased by the plaintiff at an execution sale on January 17, 1927, following which a sheriff's certificate of sale was duly issued and recorded. The record title to the property stood in the name of Anna D. Stober, and previous to the entry of the judgment last mentioned she, with F. F. Stober, her husband, executed a mortgage thereon to the Southwest Cattle Loan Co., a corporation, to secure the payment of a debt to the mortgagee. The mortgage in terms included the rents, issues and profits from the property but was not verified so as to permit its recordation as a chattel mortgage. They also executed a deed of trust thereon to secure a sum payable to another corporation, the above instruments being dated October 30, 1924, and June 26, 1922, respectively. On February 27, 1925, Anna D. Stober leased the premises to F. F. Stober, her husband, for a term ending March 1, 1928. Previous to the execution of this lease her husband had executed to the defendant a lease of the same property for a term ending March 1, 1926, with the privilege of renewing the same for a further term of five years. Before the entry of the judgment against the lessors the renewal was duly executed and the leases were orally assigned by Anna D. Stober to the mortgagee above named, with authority to collect the rent thereunder and apply the same to the indebtedness secured by the mortgage and deed of trust. No instrument showing its right to collect the rentals was placed of record, but the mortgagee, pur-

suant to the assignment and authority granted collected the rents from the defendant until the first day of January, 1927.

It is the rule in California that a judgment creditor purchasing at his own sale is protected against latent equities of which he has no notice at the time of the sale (11 Cal. Jur., Executions, sec. 70, p. 130), and that a mortgagee has no right to the rent where no right to possession is given although the mortgage in terms, as was the case here, includes the rents. (*Freeman* v. *Campbell*, 109 Cal. 360 [42 Pac. 35]; *Cowdery* v. *London etc. Bank*, 139 Cal. 298 [96 Am. St. Rep. 115, 73 Pac. 196].) In the present case it is not contended that the plaintiff had actual notice or knowledge of the claim of the mortgagee, and the burden of proof in this respect rested upon appellant (*Garber* v. *Gianella*, 98 Cal. 527 [33 Pac. 458]; *Hawke* v. *California Realty & Con. Co.*, 28 Cal. App. 377 [152 Pac. 959]), but that, due to the assignments and the subsequent collection of the rent it became a mortgagee in possession, of whose rights appellant's possession of the property gave constructive notice. Whether an assignment by the owner of the reversion of rent to become due under a lease for a term exceeding one year is within the statute of frauds, or a conveyance as the term is used in the recording acts, are matters upon which the authorities are conflicting. These questions, however, need not be determined here for, as stated, no record of the mortgagee's claim appeared; and while it is contended that appellant's possession was that of the mortgagee, such possession was entirely consistent with the title to the reversion, to which the rent was an incident (*Winnisimmet Trust, Inc.*, v. *Libby*, 232 Mass. 491 [122 N. E. 575]), and the terms of the lease as the same appeared of record. Under such circumstances appellant's possession was not constructive notice of the claim of the mortgagee, and no duty rested upon the purchaser to make further inquiry. (*Smith* v. *Yule*, 31 Cal. 180 [89 Am. Dec. 167]; *Garber* v. *Gianella, supra; Schumacher* v. *Truman*, 134 Cal. 430 [66 Pac. 591]; *Randall* v. *Allen*, 180 Cal. 298 [180 Pac. 941].)

We find no merit in the appeal. The judgment is accordingly affirmed.