LONG, RESPONDENT, *v.* W. P. DEVEREUX CO. ET AL., APPELLANTS; EDGAR STATE BANK, INTERVENER AND APPELLANT.

(No. 6,578.)

(Submitted February 17, 1930. Decided March 26, 1930.)

[286 Pac. 402.]

200

*Mr. C. C. Rowan,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wm. V. Beers* and *Mr. John G. Skinner,* for Respondent, submitted a brief; *Mr. Beers* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action in conversion to recover as damages the reasonable value of certain wheat. The cause was tried to the court without a jury, resulting in judgment in favor of plaintiff, from which defendants and intervener, Edgar State Bank, appealed.

The record discloses that the wheat in controversy was grown in the year 1927 upon lands belonging to plaintiff but which she had mortgaged in May, 1922, to the intervener, and represents a portion of the landlord's share of the rental for that year. The mortgage contained this clause: "It is agreed that if the mortgagor or maker or makers of this obligation secured by this indenture shall fail to pay the principal or any interest as the same becomes due, or any taxes or assessments or insurance as required, or otherwise fail to comply with any or all of the conditions of the mortgage, then all of said debt secured hereby shall become due and collectible, and all rents and profits of said property shall then immediately accrue to the benefit of the said mortgagee; and this mortgage may be foreclosed for the full amount. * * * "

In December, 1925, action was commenced to foreclose the mortgage. During the year 1927 the land was occupied by John Hansen as a tenant of plaintiff under a lease executed on July 15, 1926. The lease was similar to the one before this court in *Wells-Dickey Co.* v. *Embody*, 82 Mont. 150, 266 Pac. 869, and stipulated that title to the crop was to remain in plaintiff and upon fulfillment of the contract Hansen was

entitled to three-fourths of the crop and the plaintiff to one-fourth. The lease was prepared by the cashier of the intervener bank, who testified that he informed plaintiff at the time it was made that the bank claimed the crop for the year 1927, but this was denied by plaintiff. On September 12, 1927, the Edgar State Bank served notice on Hansen of the commencement of the foreclosure action and that it claimed all the rents and profits from the land for the year 1927. Hansen harvested the crop in August and delivered the landlord's share to the defendant elevator company at Edgar pursuant to the provisions of the lease. Defendant Markuson, who operated the elevator, refused to pay plaintiff for the wheat, claiming the Edgar State Bank had attached it. No writ of attachment had in fact been issued. The Edgar State Bank, upon furnishing the elevator company with an indemnity bond, sold the wheat and applied the proceeds upon the mortgage indebtedness. After the crop was harvested, and on October 25, 1927, decree of foreclosure was entered in which it was ordered that the land be sold and that the purchaser at the foreclosure sale be let into possession of the mortgaged premises, "together with all rent thereon." The land was sold and the proceeds applied on the mortgage indebtedness, leaving a portion of the indebtedness still unsatisfied.

On February 19, 1924, plaintiff had filed her petition in bankruptcy in the district court of the United States for the district of Montana, and was on that date adjudged a bankrupt. The mortgage indebtedness owing to the Edgar State Bank was listed in the schedules in bankruptcy. The trustee in bankruptcy disclaimed all right, title and claim to the mortgaged property and remitted the Edgar State Bank to its remedies under the mortgage. On June 30, 1925, plaintiff was, by order of the United States district court in the bankruptcy proceedings, discharged from all her indebtedness "excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

Defendants and intervener assert that intervener was and is the owner of the wheat by virtue of the clause in its real estate mortgage which, they contend, pledges as additional security the rents and profits of the land. Plaintiff contends that she is the owner of the wheat by reason of her ownership of the land on which it was grown and by reason of the renunciation of any claim thereto on the part of the trustee in bankruptcy.

Whenever the trustee in bankruptcy elects not to take property of the bankrupt, such property remains in the bankrupt. (Loveland on Bankruptcy, 774; *Sparhawk* v. *Yerkes,* 142 U. S. 1, 35 L. Ed. 915, 12 Sup Ct. Rep. 104; Collier on Bankruptcy, 13th ed., 1738, 1739.) The trustee in bankruptcy having elected not to claim any interest in the property in controversy here, the bankrupt is entitled to it unless the facts warrant a finding that it belongs to intervener.

The mortgage in question here did not create a lien on the rents and profits, but simply conferred a right upon the mortgagee to impose a lien as additional security for the payment of the mortgage debt. (*Morton* v. *Union Central Life Ins. Co.,* 80 Mont. 593, 261 Pac. 278; *Wells-Dickey Co.* v. *Embody,* supra.)

In this state a mortgage does not entitle the mortgagee to the possession of the mortgaged property unless expressly so stipulated in the mortgage. (sec. 8252, Rev. Codes 1921; *Sharp Bros., Inc.,* v. *Bartlett,* 76 Mont. 415, 248 Pac. 199.) The mortgage in question here did not authorize the mortgagee, either before or after default on the part of the mortgagor, to take possession of the land except by and through foreclosure proceedings. Intervener was not entitled to possession of the land covered by the mortgage until the property was sold to it in the foreclosure proceedings. This was not done until June, 1928. A mortgagee has no greater right to the rents than to the land. (*Freeman* v. *Campbell,* 109 Cal. 360, 42 Pac. 35; *Pacific Fruit Exchange* v. *Schropfer,* 99 Cal. App. 692, 279 Pac. 170.)

In *Sharp Bros., Inc.,* v. *Bartlett,* supra, the mortgage contained a clause very similar to the one involved here, and the mortgagee in that case not only served notice on the tenant that it claimed the rentals, but also undertook to make a new lease with the tenant. This court held that the attempted lease was a nullity, since the mortgagee had no right to the possession of the premises, the foreclosure proceedings not having been completed until after the attempted lease was executed. Here there was no lease made by the mortgagee with the tenant Hansen, and none could have been made by it, since it did not have the right of possession of the lands. Notice was given by it to the tenant of its claim to the rents. The notice was ineffectual as a means of acquiring an interest in the crop. (*Kester* v. *Amon,* 81 Mont. 1, 261 Pac. 288.) In this state a tenant may not attorn to a stranger except with the consent of the landlord or in consequence of a judgment of a court of competent jurisdiction. (Sec. 7748, Rev. Codes 1921.)

The prevailing rule is that if a mortgagee desires to avail himself of the right to rents and profits pledged by a mortgage upon real estate without the right of immediate possession of the land, he must claim them by invoking the aid of a court of equity for the appointment of a receiver to take possession of the rents and profits. This right is conferred by section 9301, Revised Codes of 1921. Thus, in *Grether* v. *Nick,* 193 Wis. 503, 55 A. L. R. 525, 215 N. W. 571, the court said: ''In jurisdictions where the mortgagor retains the legal title and right of possession, as here, it follows that the right to collect rents and profits remains in the mortgagor until he is deprived of possession in the manner provided by law, and this notwithstanding the fact that the mortgage may pledge the rents and profits. This must be true, unless the clause pledging rents and profits should be construed as sufficient to pass the legal title and right of possession to the mortgagee. This has never been held in any jurisdiction, and should not be, as it would afford an easy

way of evading the policy of our statutes which makes a mortgage a mere lien upon land, leaving the legal title and right of possession in the mortgagor. It is plain in this jurisdiction that, under a mortgage pledging rents and profits, the benefit of such rents and profits does not inure to the mortgagee until possession has passed from the mortgagor. Under the principles established here, the mortgagor may not be deprived of possession except under circumstances discussed in the former opinion. In order to accomplish such dispossession the mortgagee must invoke the aid of a court of equity." To the same effect are the following: *Stamp* v. *Eckhardt*, 204 Iowa, 541, 215 N. W. 609; *Davenport* v. *Thompson*, 206 Iowa, 746, 221 N. W. 347; *First Trust etc. Co.* v. *Beall*, (Iowa) 225 N. W. 943; *Freedman's Sav. Co.* v. *Shepherd*, 127 U. S. 494, 32 L. Ed. 163, 8 Sup. Ct. Rep. 1250; *Freeman* v. *Campbell*, supra; *Cowdery* v. *London & San Francisco Bank*, 139 Cal. 298, 96 Am. St. Rep. 115, 73 Pac. 196; *In re Clark Realty Co.*, 234 Fed. 576, 48 C. C. A. 342; *In re Israelson*, 230 Fed. 1000; *Sullivan* v. *Rosson*, 223 N. Y. 217, 4 A. L. R. 1400, 119 N. E. 405; *Rhinelander* v. *Richards*, 184 App. Div. 67, 171 N. Y. Supp. 436.

And where the mortgage does not give to the mortgagee the right of possession of the mortgaged property upon default of the mortgagor and where a receiver is not appointed by the court in the foreclosure proceedings to collect the rents, the decided weight of authority holds that the assignee in bankruptcy (or, if he disclaims any interest as here, the mortgagor), and not the mortgagee, is entitled to the rents, issues, and profits before foreclosure of the mortgage, even though they are expressly covered by the mortgage. (*Flanagan* v. *Fuller*, 79 Mont. 590, 257 Pac. 475; *Sharp Bros., Inc.*, v. *Bartlett*, supra; *In re Foster*, 9 Fed. Cas. 523, No. 4963; *Foster* v. *Rhodes*, 9 Fed. Cas. 572, No. 4981; *In re Dole*, 110 Fed. 926; *In re Banner*, 149 Fed. 936; *In re Clark Realty Co.*, supra; *In re Brose*, 254 Fed. 664, 166 C. C. A. 162.)

The reason why this conclusion should follow, under the facts here shown, is that the mortgagee, by foreclosing the real estate mortgage without having a receiver appointed to collect the rents and thus perfected and foreclosed the lien thereon, waived the right to the rents. The rule is that a mortgagee may not foreclose his mortgage by piecemeal. (*Mascarel* v. *Raffour*, 51 Cal. 242; *Tacoma etc. Co.* v. *Safety Ins. Co.*, 123 Wash. 481, 212 Pac. 726; *Hall* v. *Arnott*, 80 Cal. 348, 22 Pac. 200; *Commercial Bank* v. *Kershner*, 120 Cal. 495, 52 Pac. 848; *Stockton etc. Co.* v. *Harrold*, 127 Cal. 612, 60 Pac. 165.) The rule is crystallized into statutory form by section 9467, Revised Codes 1921, which commands that there is but one action for the recovery of debt or the enforcement of any rights secured by mortgage upon real or personal property. The case of *Craig* v. *Burns*, 65 Mont. 550, 212 Pac. 856, has not been overlooked, but there, unlike the case here, the mortgage did not cover the wheat.

Intervener also contends that the judgment in the foreclosure action is a bar to the maintenance of this action. The foreclosure action was commenced in December, 1925; the second amended complaint was filed February 28, 1927. A copy of the mortgage containing the clause above mentioned was attached to and made a part of the second amended complaint. No further reference was made in the complaint to the rents. The cashier of intervener bank, as above noted, prepared the lease between plaintiff and Hansen while the foreclosure proceedings were pending, reserving title to the crop in plaintiff, and an implied finding by the court is warranted, on conflicting evidence, that plaintiff did not know that the bank was making any claim to the crop at that time. Decree was entered in the foreclosure action on October 25, 1927. It directed a sale of the real estate only, but contained a clause ordering that the purchaser be let into possession of the property, "together with all rent thereon." Subsequently the trial court struck out the words "together with all rent thereon," and this was held error by

this court in *Edgar State Bank* v. *Long*, 85 Mont. 225, 278 Pac. 108. This clause in the decree has no application, however, to any rents except those on the property at the time of the entry of the decree and those subsequently accruing. The crop in question here had been removed from the land long prior to the decree in foreclosure.

The sheriff's sale under the decree in foreclosure which took place June 23, 1928, had to do with the real estate only and not with any rental. Under the circumstances here shown, it was not incumbent upon plaintiff to plead her right to the crop in the foreclosure action, since the proceedings therein did not seek to divest her of her interest in the rents accruing prior to the decree in foreclosure.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

Rehearing denied April 14, 1930.