WOLF et al. v. DE WOLF & CO., Inc.
DEAN v. CHICAGO TITLE & TRUST CO.

No. 4547.

Circuit Court of Appeals, Seventh Circuit.

Nov. 21, 1931.

James A. Daley, Peter B. Nelson, and S. E. Quindry, all of Chicago, Ill. (Thomas J. Boodell, of Chicago, Ill., of counsel), for appellant.

Harry W. Lippincott, of Chicago, Ill. (Marshall A. Pipin, of Chicago, Ill., of counsel), for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

It is contended by Dean that he is entitled to the rents collected from the Browning building by the Trust Company, through its agent Smith, from May 3 to and including May 19, 1930. He bases this contention upon the facts that on the first-named date the trustee of the first mortgage bonds filed a bill to foreclose the mortgage in the Illinois state court, and he (Dean) was appointed receiver by that court, and that on the same date he demanded possession of the Browning building from the Trust Company, which was then acting as receiver for bankrupt in the District Court.

It is conceded that a mortgagee is not entitled to the income of the mortgaged premises until he impounds the rents. Rohrer v. Deatherage, 336 Ill. 450, 168 N. E. 266. The only controversy, therefore, relative to the question now under discussion, is whether or not the filing of the bill to foreclose, the appointment of a receiver in the state court, and the demand of that receiver for the possession of the premises made upon the receiver appointed by the District Court, are sufficient to constitute an impounding of the rents.

Where the mortgage provides, as in the instant case, that the mortgagor shall remain in possession of the mortgaged property until default, but that, when a default occurs, the trustee may enter, it has been held that the trustee can only secure the earnings of the mortgaged property by taking or demanding possession. The substance of the rulings of the Supreme Court in this respect is that, until the mortgagee asserts his rights under the mortgage to the possession of the property by filing a bill of foreclosure, or, if the property be in the hands of a third party, by demanding possession of such party, the mortgagee has no rights to its earnings and profits. United States Trust Co. v. Wabash Ry., 150 U. S. 287, 14 S. Ct. 86, 37 L. Ed. 1085.

Inasmuch as the property in controversy herein was, at the time the bill of foreclosure was filed, in the hands of the District Court by virtue of a receivership there pending, it was necessary, under the rule referred to, that demand for the possession of the property be made by Dean upon the then possessor, and, if this were done, it would be sufficient under the rule to establish mortgagee's right to the rents, and Dean would be entitled to them. However, on May 3, 1930, Dean made his demand upon the District Court receiver, and it was refused, on the theory that possession was not in the receiver but was in the District Court. On May 14, 1930, Dean intervened in the receivership suit in the District Court, and made the same demand upon the District Court, and on May 19, 1930, after a hearing, his request was granted, and the property delivered to him.

We think Dean's first demand was properly refused. It could not have been acted upon by others than the court, and

it so vitally affected the existing receivership that, to be effectual, it was essential that it should be presented to the court in the receivership suit. The receiver had no power to surrender the possession without the direction of the court. Atlantic Trust Co. v. Dana (C. C. A.) 128 F. 209; Shields v. Coleman, 157 U. S. 168, 15 S. Ct. 570, 39 L. Ed. 660. As the property was in the custody of a court other than the one which appointed Dean, he had no right to the property until he intervened in that court which had possession and submitted the matter for adjudication. Comer v. Felton (C. C. A.) 61 F. 731.

A perusal of the cases cited by appellant in support of his contention convinces us that they not only do not support his contention, but in each case where the same question was presented as is presented herein it was decided in consonance with the rule above set forth. Dow v. Memphis, etc., R. Co., 124 U. S. 652, 8 S. Ct. 673, 31 L. Ed. 565, relates to a bill filed by trustees under a mortgage against a mortgagor in possession, not for foreclosure, but to enforce a surrender of possession in accordance with the terms of the mortgage. The question of a third party's possession was not present, and, of course, the court held that the filing of the bill constituted a sufficient demand. This is also the case in Hook v. Bosworth (C. C. A.) 64 F. 443. In Re Clark Realty Co., 234 F. 576, this court held that mortgagees were not entitled to rents collected by the trustee in bankruptcy until they had intervened in the bankruptcy court and asked that the rents be segregated. In Re Chase (D. C.) 133 F. 79, 81, the court said: "There may be exceptional cases where a court of bankruptcy, proceeding upon equitable considerations, will treat some informal attempt by the mortgagee to obtain possession of the mortgaged property as the equivalent of a bill in equity and the appointment of a receiver." Just what state of facts, if any, the court had in mind which might be considered as creating an exceptional case and the equivalent of filing a bill in equity is not stated in the opinion. That question was not presented, and the court held that mortgagee was not entitled to the rents because he not only had not filed a bill in equity, but he had done nothing. Chicago & A. R. Co. v. United States & Mexican Trust Co. (C. C. A.) 225 F. 940, 942, was a case where an intervening petition had been filed in a foreclosure suit against a railroad, in which payment was demanded for certain car repairs, loss, and damage claims of freight, and overcharges, out of the proceeds of sale of the corpus of the railroad property in preference to the mortgage bondholders. The court denied the petition, and in the course of the opinion, preliminary to the decision, stated: "Where the mortgaged property of a railroad company is placed in the hands of a receiver before the commencement of a suit to foreclose the mortgage, and a subsequent suit for that purpose is commenced, the proceedings do not impound the income for the benefit of the mortgage bondholders until either a demand has been made of the receivers to surrender the income and the administration of the property, which has been refused, or * * *." It is obvious that that question was not before the court for decision; and, moreover, one of the cases which that court cites in support of the proposition is Atlantic Trust Co. v. Dana, supra, which certainly does not support it. In re Wakey, 50 F.(2d) 869, decided by this court, is a case where mortgagor was adjudged a bankrupt when there was no default in the mortgage, and the trustee in bankruptcy collected the rent for two years, after which mortgagee petitioned the court for an order directing the trustee to apply the rents and profits to the payment of the interest due upon the mortgage. This court held therein that the trustee in bankrupcy represented all of the creditors—the secured, the preferred, and the unsecured; that the mortgagee could take no steps to perfect a lien upon the rents save in the court of bankruptcy; and that he had a right to assume that his rights would be protected by the court of bankruptcy when it came to distribute the funds in the trustee's possession. The court held that a trustee in bankruptcy occupies the same position as a receiver appointed in a suit in equity, where no directions appear in the order of the appointment as to the disposition of the rents and profits, citing Cross v. Will County Natl. Bank, 177 Ill. 33, 52 N. E. 322.

In the instant case, the mortgagor is not the bankrupt, and the mortgagee was at no time a creditor of the bankrupt. There were also explicit directions in the order of the appointment that the receiver of bankrupt hold the funds for the creditors of that company. Under such circumstances, it cannot be presumed that possession by the Trust Company was for the benefit of mortgagee, who was not even a creditor. We think the District Court was right in holding that mortgagee was not entitled to the rents coming into the hands of the Trust

Company receiver prior to Dean's intervention in the District Court receivership.

Appellant insists that the District Court was without jurisdiction to take over the management and control of the Browning building previously exercised by bankrupt because, as he contends, bankrupt's ownership of stock in Browning Building Corporation is in violation of Cahill's Illinois Statutes 1929, c. 32, par. 8, which provides that a corporation cannot directly or indirectly own stock of a building corporation; and by virtue of this act he claims that such alleged ownership is void, and does not give rise to any rights.

In Walker v. Taylor, 252 Ill. 424, 96 N. E. 1055, a corporation for the sole purpose of buying and selling real estate in Illinois was organized under the laws of Iowa for the purpose of avoiding the Illinois statute which prohibited such organization. Real estate in Illinois was purchased and paid for by that company, and the title was vested in a trustee for it. The money paid was furnished by the stockholders, and stock of the company was issued to them in proportion to the amount of money furnished. The land was plotted into city lots, and part of them were sold by the trustee to different parties, some of whom had paid cash and others had not fully paid. The trustee, who owned a portion of the stock, died, and the corporation was dissolved. Among other contentions, the administrator of the trustee claimed that the deed to decedent was valid and the land deeded to decedent as trustee was the property of decedent, and was liable for the payment of the creditors of that estate. The court held that, on account of the Illinois statute, neither the corporation nor the trustee had ever acquired title, but that those who subscribed and paid for stock issued by the illegal association, and with whose money the land was purchased, did acquire an equitable interest in the property, and that their interests were entitled to be protected by a court of equity as against the creditors of the trustee, who never had any interest in the land except to the extent of the stock he had subscribed and paid for.

■ Following this doctrine, we are convinced that the stockholders of bankrupt, by virtue of the stock which it had bought and paid for, held an equitable interest in the rents of the Browning building which the District Court, as a court of equity, had a right to protect through a receivership, and especially is this true as against appellant, who had no interest in the rents previous to his intervention in the District Court.

■ But this was not the only interest which that court had a right to so protect; for it is admitted that for a long time immediately preceding the appointment of the Trust Company as receiver bankrupt had, by consent of all parties interested, operated, managed, and controlled the Browning Building Corporation, and in so doing had incurred expense in excess of income in the sum of $25,000. It was under these circumstances that the District Court ordered appellee to continue the relation thus existing between bankrupt and Browning Building Corporation in order to protect the interests of the creditors and stockholders of bankrupt; and it should be borne in mind that no creditor or stockholder of Browning Building Corporation ever raised any objection.

We are convinced that the District Court was well within its power in ordering appellee to continue the operation of the Browning building.

Appellant cites Hook v. Bosworth (C. C. A.) 64 F. 443, as being contrary to our holding in this respect, but we think it is not. In that case a foreclosure suit was brought by the trustee of a railway mortgage against Chicago, Peoria & St. Louis Railroad, a mortgagee in possession, hereinafter referred to as Peoria Road, and receivers were appointed, not only of the property mortgaged, but of several other railway properties not included in the mortgage but which were assumed by the court to have been operated under one general system, although the record did not so state. There was no notice given to the railroad companies other than the mortgagee. The relationship of debtor and creditor was not present, nor was there disclosed any equitable or legal interest of the mortgagee in the other roads. Subsequently the receiver was ordered to surrender the Jacksonville, Louisville & St. Louis Railway Company, hereinafter referred to as Jacksonville Road, to its owners. In the meantime, a receiver having been appointed for the Jacksonville Road, under foreclosure proceedings, the property of that company was by order of court turned over to its receiver. The owners of Jacksonville Road collected money earned prior to the appointment of the receiver of Peoria Road. Thereupon the receiver of Peoria Road filed his petition in the original suit to recover this money from the owners of Jacksonville Road. It was held that the receiver of Peoria Road could not collect

this money from the owners of Jacksonville Road under the bill to foreclose the mortgage of Peoria Road because (1) Jacksonville Road was not a party to that action; (2) the mortgage did not cover the property; and (3) there was neither allegation nor evidence of any interest of petitioner in the property.

The last reason assigned is sufficient to preclude appellant in the instant case from a recovery, for as yet it does not appear that he has any interest in the rents, and hence notice to him or to mortgagee was not necessary. He must recover, if at all, on the strength of his own title and not on the weakness of his adversary's title.

It is further contended by appellant that, inasmuch as he was compelled to and did pay the taxes on the Browning building for the year 1928, he is therefore subrogated to the rights of the state of Illinois by virtue of the lien for taxes which the state of Illinois held against the Browning building; and he claims the right to be remunerated to that extent out of the rents which the Trust Company receiver had collected from the Browning building during the time such building was in the custody of the District Court. This claim presupposes the fact that the state of Illinois had such a lien upon the rents collected by the Trust Company receiver from March 27, 1930, to and including May 19, 1930, and of course it is quite necessary that that fact be established before appellant is entitled to recover on such theory.

For reasons not disclosed by the record, the general taxes for the year 1928 upon the Browning building and the premises upon which it was located were levied in the year 1930, and notice of such fact was first received by the Trust Company receiver some time in May, 1930, but whether prior to or after May 19, 1930, the record does not show. After May 19, 1930, this notice was turned over to Dean by the Trust Company. No penalty attached to this tax until July 10, 1930, and the entire amount due, including penalty, was paid by Dean on August 9, 1930.

■■ General real estate taxes in Illinois are assessed to the owner of the fee. Cahill Ill. Stat. 1929, c. 120, pars. 63, 64, and 65. In case there be a leasehold on the real estate the rule still obtains so long as lessor retains the right of cancellation, such as exists in the instant case. Chicago & Alton R. Co. v. People ex rel. Windmiller, 153 Ill. 409, 38 N. E. 1075, 29 L. R. A. 69. Even though Browning Building Corporation agreed to pay the taxes, this fact would not render that corporation primarily liable for the general taxes to the state of Illinois.

Section 53 of the Revenue Act of 1898, Cahill Ill. Stat. 1929, c. 120, par. 364, merely makes real estate taxes a first lien on such real property. Section 255 of General Revenue Act of 1872, Cahill Ill. Stat. 1929, c. 120, par. 270, provides that personal property shall be liable for taxes levied on real estate which may be made out of the personal property by distraint and sale. The term "personal property" in such connection has been interpreted to mean "goods and chattels," and comprehends only such personalty as is subject to levy and sale under an execution upon a judgment at law. Heinrich v. Harrigan, 288 Ill. 170, 123 N. E. 309; Loeber v. Leininger, 175 Ill. 484, 51 N. E. 703. In the case last cited the court held that funds in the hands of an assignee which had not been derived from the disposition of property which was subject to a tax lien was not subject to the lien of the warrant. Furthermore, under section 255, General Revenue Act of 1872, real estate taxes do not become a lien on personal property until the collector distrains.

■ Under the decisions and statutes cited, we are constrained to hold that the state of Illinois had no lien for taxes for the year 1928 against the rents in the hands of Trust Company which it had collected from March 27 to May 19, 1930, and it necessarily follows that neither mortgagee nor its receiver has any such lien.

■ It is true that taxes for the period in which the receiver is in possession may be classed as costs of administration, as held in Union Trust Co. v. Great Eastern Lumber Co. (C. C. A.) 248 F. 46; but taxes accruing prior to a receiver's appointment are not so classed, and they are subordinate in payment to the costs of administration. First Nat. Bank of Houston v. Ewing (C. C. A.) 103 F. 168; 24 A. L. R. 1177, note.

That it is incumbent upon a receiver to protect and preserve property and ordinarily to pay taxes may well be conceded; but, when the state has no immediate lien upon the property which he holds, we know of no law which requires him to hold funds in his hand as a trust for that purpose in preference to other just and pressing claims. The record does not show that the amount of these taxes was ascertainable before the Trust Company surrendered possession of the property to Dean. He applied a part of

the funds in his hands to the payment of the claim of bankrupt, which the court approved, and in this there was no violation of any duty which he owed to mortgagee or its receiver.

This receivership is not for the benefit of the creditors of Browning Building Corporation, but is for the benefit of bankrupt's creditors, and, so long as they raise no objection, and the District Court approves the actions of the receiver, which it has done, no one else has a right to object.

Decree affirmed.